UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

KALEINA PATRICIA LEWIS,

      Plaintiff,                    Case No.  1:15-cv-00922-JTN-ESC

v.                                 HON. JANET T. NEFF

CITY OF MUSKEGON HEIGHTS,

      Defendant.
_____

Joshua S. EldenBrady   (P73207)      Michael S. Bogren (P34835)
Attorney for Plaintiff              Attorney for Defendant
Vincent E. Carlson and Associates, PLC    PLUNKETT COONEY
2320 Lake Avenue               950 Trade Centre Way, Suite 310
North Muskegon, Michigan   49445      Kalamazoo, Michigan   49002
231-726-4357                   269-226-8822
eldenbradylaw@gmail.com         mbogren@plunkettcooney.com
_____

**JOINT STATUS REPORT**

      A Rule 16 Scheduling Conference is scheduled for **October 14, 2015 at 2:30 p.m.**, before Hon. Janet T. Neff. Appearing for the parties as counsel will be: Joshua S. EldenBrady for the Plaintiff and Michael S. Bogren for the Defendant.

1)      Jurisdiction:

           The basis for the Court's jurisdiction lies in 28 U.S.C. 1331 as the cause of action is under the laws of the United States of America, specifically the Family and Medical Leave Act (FMLA) 29 U.S.C. 2601 *et seq.*

2)      Jury or Non-Jury:

        This case is to be tried before a jury.


3)      Judicial Availability:

        The parties do agree to have a United States Magistrate Judge conduct any and all

        further proceedings in the case, including trial, and to order the entry of final

        judgment.


4)      Statement of the Case:

        PLAINTIFF'S STATEMENT OF THE CASE

                Plaintiff was employed by Defendant from November of 2011 to August

        of 2013.   Prior and during her employment by Defendant, Plaintiff notified her

        supervisors (both her direct supervisor and the City Manager) of her serious

        health conditions (including Fibromyalgia, pinched discs, and chronic reoccurring

        migraines) and specifically discussed the Family Medical Leave Act (FMLA).   In

        August 2013, Plaintiff's employment with Defendant was terminated for exces-

        sive absences.   It is Plaintiff's position that all absences were for a serious health

        condition covered by the act and that she gave adequate documentation and notice

        of her absences to qualify for leave under the FMLA and that Defendant's termi-

        nating of her employment violated the FMLA.

        DEFENDANT'S STATEMENT OF THE CASE

                It is the defendant's position that the plaintiff did not raise the issue of

        FMLA or a medical condition prior to being employed by the City. After she be-

gan her employment plaintiff did talk to her supervisor about FMLA paperwork.

However, plaintiff did not request FMLA leave for all of her absences such ab-

sences were not covered by the FMLA. Plaintiff's termination was not violative

of FMLA. Further, defendant was not provided with sufficient medical records to

determine whether plaintiff had a serious medical condition that would entitle her

to any protection under FMLA.

5)    Pendent State Claims:

This case does not include pendent state claims.

6)    Joinder of Parties and Amendment of Pleadings:

The parties expect to file all motions for joinder of parties to this action and to file

all motions to amend the pleadings by November 11, 2015.

7)    Disclosures and Exchanges:

(i) FED. R. CIV. P. 26(a)(1) disclosures shall be made by November 11, 2015.

(ii) The plaintiff expects to be able to furnish the names of plaintiff's expert wit-

ness(es) by January 15, 2016. Defendant expects to be able to furnish the names

of defendant's expert witness(es) by February 15, 2016.

(iii) It would be advisable in this case to exchange written expert witness reports

as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be ex-

changed according to the following schedule:  Plaintiff to provide written expert

witness reports by February 15, 2015.  Defendant to provide written expert reports

by March 15, 2015.


The parties are unable to agree on voluntary production at this time.


8)      Discovery:

The parties believe that all discovery proceedings can be completed by April 15,

2016. The parties believe the Presumptive Discovery Limitations are appropriate

for this case.


9)      Disclosure or Discovery of Electronically Stored Information:

The parties have discussed the production of electronically stored information and

suggest that such information be treated the same as other discoverable material.


10)     Assertion of Claims of Privilege or Work-Product Immunity After Production:

Any claims of privilege in discovery will be addressed under FRCP 26(b)5B.


11)     Motions:

The parties acknowledge that a pre-motion conference is required before filing

any dispositive motion, and no motion papers shall be filed until the motion has

been fully briefed. See Judge Neff's Information and Guidelines for Civil Prac-

tice, located on this Court's website, www.miwd.uscourts.gov.

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party: Defendant's Motion for Summary Disposition.

The parties anticipate that all pre-motion conference requests will be filed by May 15, 2016.

12)     Alternative Dispute Resolution:

The parties jointly recommend that this case be submitted to the following method(s) of alternative dispute resolution: voluntary facilitative mediation.

13)     Length of Trial:

Counsel estimate the trial will last approximately 3 days total, allocated as follows: 2 days for plaintiff's case, 1 day for defendant's case, 0 days for other parties.

14)     Prospects of Settlement:

The status of settlement negotiations is:  No negotiations, discovery is needed to clarify issues for negotiation.

15)     Other:

        No other special characteristics are known to Counsel at this time.

Dated: October 7, 2015

/s/
Joshua S. EldenBrady
Attorney for the Plaintiff

/s/
Michael S. Bogren
Attorney for the Defendant